**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-08-0055-PHX-ROS (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael Deon Leivas, | |
| Defendant. | |

The Court has received and considered Defendant's Motion to Continue Hearing. (Doc. 163) Defendant requests the Court continue the revocation/admission hearing set for Thursday, January 10, 2013, for the reason that defense counsel was recently appointed and has not had an opportunity to meet with his new client. (*Id.* at 1) The Motion indicates "[a] continuance of approximately two weeks would be necessary in order for the parties to be prepared to the hearing." (*Id.*) The Motion advises Assistant U.S. Attorney Raynette Logan has no objection to the request for a continuance. (*Id.*)

The docket reflects that on December 1, 2012, Defendant was arrested for allegedly violating the terms of his supervised release which were re-imposed on February 8, 2010. (Doc. 134) At the initial appearance on January 3, 2013, the Court appointed Michael S. Reeves as defense counsel who was unavailable at the time of appointment and another CJA panel member stood in for Mr. Reeves. (Doc. 160) At the initial appearance, Defendant waived the preliminary revocation and detention hearings. (*Id.*) Defendant was detained as

he failed to sustain his burden of proof by clear and convincing evidence that he is not a serious flight risk as required by Rule 32.1(a)(6), Fed.R.Crim.P. (*Id.*) At the request of coverage defense counsel, a revocation or admission hearing was scheduled for January 10, 2013. There have been no prior continuances of Defendant's revocation or admission hearing on the August 23, 2012 Petition.

Federal Rule of Criminal Procedure 32.1(b)(2) mandates a district court "[m]ust hold the revocation hearing *within a reasonable time* in the district having jurisdiction." Rule 32.1(b)(2), Fed.R.Crim.P. (emphasis added). Rule 32.1(b)(2), however, does not address what constitutes a "reasonable time" or establish the standard to meet to authorize a continuance once a revocation hearing has been set.

According to the Advisory Committee's Notes to 32.1(b)(2)'s predecessor, Rule 32.1(a)(2),

> [m]andates a final revocation hearing within a reasonable time to determine whether the probationer has, in fact, violated the conditions of his probation and whether his probation should be revoked. Ordinarily this time will be measured from the time of the probable cause finding (if a preliminary hearing was held) or of the issuance of an order to show cause. *However, what constitutes a reasonable time must be determined on the facts of the particular case, such as whether the probationer is available or could readily be made available.*

(emphasis added); *see also United States v. Santana*, 2007 WL 1125684, at *2 (S.D. Cal. April 16, 2007).

Because there have been no prior continuances of the revocation/admission hearing, defense counsel needs additional time to effectively represent his client, and the Government has no objection to the request for a continuance,

**IT IS ORDERED** that Defendant's Motion to Continue, doc. 163, is **GRANTED**. The revocation/admission hearing set for January 10, 2013 is reset to **Thursday, January 31, 2013 at 11:00 a.m.**

**IT IS FURTHER ORDERED** that defense counsel shall notify the assigned AUSA no less than two business days prior to the hearing if the Defendant will proceed with an admission.

**IT IS FURTHER ORDERED** that because of the unintentional delay by the United States Marshal Service from Defendant's arrest in Tucson to his initial appearance in Phoenix and a district court "[m]ust hold the revocation hearing within a reasonable time in the district having jurisdiction[,]" there shall be no further continuances of the revocation/admission hearing. *See* Rule 32.1(b)(2), Fed.R.Crim.P.

Dated this 10th day of January, 2013.

_____
Lawrence O. Anderson
United States Magistrate Judge